## MORRIS v. ÆTNA CASUALTY & SURETY CO.
### No. 16118.

Court of Appeal of Louisiana. Orleans.
Nov. 18, 1935.

Williams A. Green, of New Orleans, for appellant.

St. Clair Adams & Son, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, claiming compensation under the Employer's Liability Laws of Louisiana (Act No. 20 of 1914, as amended), alleges that he sustained injury on March 1, 1934; that the muscles of his left shoulder were strained when he attempted to move a barrel weighing 400 pounds; and that, as a result, he was disabled until September 6, 1934.

Defendant contends that if plaintiff sustained any injury on March 1st, he made no complaint until four days later when, on March 5th, he was accorded medical treatment, although even then he exhibited no objective symptoms of physical injury; that compensation was paid for the period from March 12 to March 17, 1934; that on March 17th he was discharged by the physician as able to return to work on March 19th; and that no further payments are due.

Whether plaintiff was able to return to work when he was discharged by the physician on March 17th is the principal point at issue.

Three medical experts testified, two on behalf of defendant, one on behalf of plaintiff. Even the one who was most favorable to plaintiff admitted that when he examined the claimant in June, he based his conclusion that there was still disability largely on the statement made to him by the claimant. An examination of his testimony leads to the conclusion that he found few, if any, objective symptoms of injury.

On the other hand, the two physicians who, on behalf of defendant, testified are

very positive that, if there was any original injury at all, the results had entirely disappeared and, each states, that at the time of the examination made by him, there was nothing whatever in the claimant's condition which would have prevented him from returning to work.

One testified very interestingly as to the tests applied by him. He stated, for instance, that he had asked the patient to lift various weights and that the patient had stated that he could not lift any of them, even a 5-pound weight, and shortly thereafter he, the physician, had stated that he desired to make an examination and in order to do so it was necessary that the patient assume a position in which the entire weight of his body rested on his arms, and that the patient did this and remained in that position for several minutes. The physician stated that it was absolutely impossible that this could have been done if the arm had been in the condition claimed. He testified that in his opinion the claimant was and is a malingerer. He used the following language: "With those facts, I labeled him as a malingerer and a bad one at that."

There is a contention of minor importance to the effect that the plaintiff was entitled to compensation for an additional week because of the fact that although he was injured on March 1st, and was not discharged by defendant's physician as cured and able to return to work until March 19th, he was paid compensation for one week only. The record shows to our satisfaction that plaintiff made no complaint of his injury until March 5th, and that he was paid compensation for the week from March 12th until March 17th.

He was not entitled to compensation for the week from March 5th to March 12th, because of the provision in the compensation statute to the effect that unless the disability continues for at least six weeks, nothing is due for the first week's disability.

Subdivision 4, section 8, of the statute, as now amended (Act No. 242 of 1928, p. 388), reads as follows: "No compensation shall be paid for the first week after the injury is received; provided, however, that in cases where disability from injury continues for six weeks or longer, after date of the accident, that after six weeks have elapsed, compensation for the first week shall be paid."

No compensation was due for the two days between March 17th and March 19th, because, although the discharge by the physician was given on March 17th, as effective March 19th, it appears that that was done because March 17th was a Saturday and the physician realized that Morris could not return to work until the following Monday. There was, therefore, nothing due for Saturday March 17th, and Sunday March 18th, because the compensation paid for one week actually included those two days.

The preponderance of the evidence is substantially with the defendant and we can find in the record no reason to disturb the finding made in the court below.

It is ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.

McCALL, Judge ad hoc, participating in absence of LECHE, Judge.